## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

RONNY H. CROOK,

      Plaintiff,

v.                                                             Case No.  5:26-cv-107-TKW/MJF

M. CUNNINGHAM,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff violated the Local Rules by failing to disclose fully and accurately Plaintiff's litigation history, the District Court should dismiss this case without prejudice.

### BACKGROUND

Plaintiff is a Florida inmate currently confined at the Graceville Correctional Facility. Plaintiff's inmate number is 275129.  On February 24, 2026, Plaintiff initiated this civil action against M. Cunningham.

### DISCUSSION

**A.**   **Screening of Plaintiff's First Amended Complaint**

"Although a pro se litigant's filings are construed liberally, they must comply with procedural rules." *McNair v. Johnson*, 143 F.4th 1301,

Page 1 of 14

1307 (11th Cir. 2025) (citations omitted). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)).

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner bringing suit under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Compl. Form at 8. The form goes on to state that the inmate should *"[a]ttach additional pages as necessary to list all cases."* *Id.* at 11. Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

*Id.* at 11-12.

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue

an order to show cause why any of these actions should not be taken.

N.D. Fla. R. 41.1.

In short, Plaintiff is required to complete the standardized civil-rights complaint form and to complete the form according to its instructions.

## B.   <u>Plaintiff's Responses to Questions on the Complaint Form</u>

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires disclosure of Plaintiff's litigation history. Doc. 1 at 8–11. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

Plaintiff responded, "No" to each question and did not disclose any cases. *Id.* Plaintiff signed the complaint form after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 8-10. Thus, Plaintiff has in effect stated that Plaintiff had never filed any federal civil action.

## C.   Plaintiff's Omissions

Both the United States District Court for the Middle District of Florida and the United States District Court for the Northern District of Florida have noted Plaintiff is a frequent filer in federal court. *See See Crook v. Cunningham*, No. 5:26-cv-62-AW-MAF, ECF No. 3, Order of Dismissal; *Crook v. Fla. Dep't of Corr.*, No. 4:22-cv-170-MW-MAF, ECF No. 6, Order Accepting and Adopting Report and Recommendation, (N.D. Fla. June 28, 2022); *Crook v. Blocker*, No. 3:18-cv-372-TJC-MCR, ECF No. 3, Order of Dismissal, (M.D. Fla. Mar. 29, 2018). Plaintiff, however, did not disclose these cases in response to Question A or C on the complaint form. Plaintiff also did not disclose the following cases that were responsive to Question A on the complaint form:

- *Crook v. Stubbs*, No. 3:05-cv-356-TJC-MMH (M.D. Fla.) (civil rights complaint dismissed as frivolous); and

- *Crooks v. Hercule*, No. 4:09-cv-275-RS-WCS (N.D. Fla.) (civil rights claim dismissed prior to service for failure to state a claim upon which relief can be requested).

By failing to disclose these five cases and many others, Plaintiff violated the complaint form's explicit instructions and Plaintiff's duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

## D.   <u>The Materiality of Plaintiff's Omissions</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989); *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all these compelling interests. Thus, to conserve judicial resources and effectively

Page 7 of 14

manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed cases in other jurisdictions and under additional inmate numbers. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, as detailed above, Plaintiff falsely responded to a question on the complaint form and violated the Local Rules by failing to disclose *at least* five prior cases. Plaintiff knew from reading the complaint form that all prior cases were required to be disclosed. *See* Doc. 1 at 10. Plaintiff also knew that the penalty for failing to disclose Plaintiff's federal litigation history was dismissal. *Id*. at 11; N.D. Fla. Loc. R. 41.1 (warning

that the failure to follow an applicable rule is a ground for "dismiss[al] [of] a claim.").

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions are straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). Plaintiff is in a superior position to know whether Plaintiff filed cases or appeals, and if so, in which courts those cases and appeals had been filed. Furthermore, in light of Plaintiff's litigiousness, it is simply inconceivable that Plaintiff could not recall having filed a single case.

Regardless, if Plaintiff did not have the information, Plaintiff could (and should) have requested it from the appropriate clerks' offices before filing a new case. *Washington v. Dyas*, 5:22-CV-285-TKW-MJF, 2023 WL 359508, at *1 (N.D. Fla. Jan. 23, 2023).; *see* Fed. R. Civ. P. 11(b)(3) (By signing and presenting a pleading to the court, an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances* . . . the

factual contention have evidentiary support.") (emphasis added). Alternatively, Plaintiff could have included a disclaimer that Plaintiff could not recall the prior cases, but Plaintiff did not. Instead, Plaintiff falsely represented to the District Court that Plaintiff had never filed a federal civil action.

The District Court, therefore, should not allow Plaintiff's false response to go unpunished. A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and omissions. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the form.

## E.   The Appropriate Sanction Is Dismissal Without Prejudice

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation

history warrants dismissal of the case under the district court's inherent authority to manage its docket and enforce applicable local rules. *McNair*, 143 F. 4th at 1308 ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules. [Plaintiff] violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form."); *see also Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013).

An appropriate sanction for Plaintiff's violation of the Local Rules by failing to comply with the complaint form's explicit instructions is to dismiss this case without prejudice. *McNair*, 143 F.4th at 1308; *see also id.* at n.4 ("[A] dismissal without prejudice doesn't depend on a finding of bad faith, and can follow from unintentional or merely negligent conduct.").

In the complaint, Plaintiff failed to identify the date on which the alleged events occurred.  In a prior filing, however, which alleged identical facts, Plaintiff attached several grievances as exhibits to the complaint. *See Crook v. Cunningham*, No. 5:26-cv-62-AW-MAF.  Plaintiff submitted grievances filed in December 2025.  *Id.*, ECF. 1-1 at 4–6. Thus,

it appears the events giving rise to Plaintiff's claims occurred or were ongoing in December 2025. Therefore, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

**F.   No lesser Sanction Would Suffice**

A sanction less than dismissal would not suffice to deter Plaintiff's conduct. For example, providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was

required"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** this case without prejudice for Plaintiff's failure to comply with the Local Rules of the Northern District of Florida.

2.    **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 21st day of April 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any**

**objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**